

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE NETWORK COMMERCE INC. SECURITIES LITIGATION

No. C01-0675L

ORDER GRANTING UNDERWRITER DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

This matter comes before the Court on the "IPO Underwriter Defendants' Motion to Dismiss Second Consolidated Amended Class Action Complaint" (Dkt. # 145) and the "SPO Underwriter Defendants' Motion to Dismiss Second Consolidated Amended Class Action Complaint" (Dkt. # 146). Plaintiffs allege that the brokerage and investment banking firms involved in Network Commerce's initial public offering ("IPO") and secondary public offering ("SPO") violated Section 11 of the Securities Act of 1933, 15 U.S.C. §77k, by disseminating to the investing public materially false and misleading registration statements. In particular, plaintiffs allege (a) that the underwriter defendants' failed to disclose a $52,912.50 loan to defendant Walker and a plan to pay additional compensation to other senior executives and (b) that these omissions rendered numerous statements in the IPO and SPO registration statements false and misleading. The underwriter defendants have moved to dismiss plaintiffs'

complaint for failure to state a claim under Section 11, failure to file suit within the statute of limitations, failure to satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a), failure to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), and lack of standing. Defendants Network Commerce, Inc., and Dwayne Walker have joined in the underwriter defendants' motions to dismiss. Dkt. # 150 and 151.

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). The Court may, however, consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted. United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). Defendants have submitted two requests seeking judicial notice of documents filed in this matter, company documents upon which plaintiffs' claims rely, stock price quotations, and documents filed with the Securities and Exchange Commission. Dkt. # 147 and 158. Plaintiffs have not opposed these requests. For purposes of this motion, therefore, the allegations of the Second Consolidated Amended Class Action Complaint and the facts disclosed in the unopposed documents submitted by defendants are accepted as true and construed in the light most favorable to plaintiffs. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Only those claims for which it appears beyond doubt that plaintiffs can prove no set of facts which would entitle them to relief should be dismissed. Wyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and heard the arguments of counsel, the Court finds as follows:

(1) Plaintiffs have alleged that by failing to disclose information regarding the September

28, 1999, loan to defendant Walker, defendants misled investors and violated Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k(a).[1] The underwriter defendants argue that plaintiffs' Section 11 claim fails as a matter of law because there was no duty to disclose the $52,912.50 loan to Walker, the omission was not material in the context of the two multi-million dollar public offerings, and the failure to disclose the loan did not make any of the assertions contained in the registration statements misleading.

Section 11 creates a private remedy for purchasers of a security if any part of the registration statement filed pursuant to 15 U.S.C. § 77f contained "an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading . . ." 15 U.S.C. § 77k(a). "The plaintiff in a § 11 claim must demonstrate (1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would have misled a reasonable investor about the nature of his or her investment." Kaplan v. Rose, 49 F.3d 1363, 1371 (9th Cir. 1994). Unlike actions brought under Section 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j(b), no scienter is required for liability under Section 11. Defendants can be held liable for innocent or negligent material misstatements or omissions. In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403-04 (9th Cir. 1996).

In its Order Denying Defendants' Motion to Dismiss Following Remand (Dkt. # 103), the Court considered the falsity and materiality arguments raised by the underwriter defendants and found that plaintiffs had stated a claim upon which relief could be granted under Section 11. Although the Court recognized that there was no regulatory duty to disclose the loans made to defendant Walker, the undersigned found that plaintiffs may be able to prove their allegations that the failure to disclose the loan made certain statements filed in connection with

[1] Plaintiffs claim based on defendants' failure to disclose Network Commerce's plan to pay additional compensation to senior executives is discussed below.

the public offerings misleading. In particular, plaintiffs allege that defendants' statements regarding executive compensation, the intended use to which monies raised would be put, the relative benefits of the loans, and lock-up provisions were rendered false or misleading by the omission of information regarding the loan. Because "a jury reasonably could determine that defendants' statements and omissions would have misled a reasonable investor about the nature of his or her investment," the Court denied defendants' motion to dismiss. Order at 3 (Dkt. # 103).

Both the IPO and the SPO defendants point out that plaintiffs have filed a new amended complaint since the Court issued its ruling following remand and that they were not involved in the earlier motion practice. Although the underwriter defendants are not bound by the Court's prior ruling, the underwriter defendants have not identified any material differences between the two complaints. In fact, plaintiffs' allegations in the Second Consolidated Amended Class Action Complaint are very similar to those contained in the Consolidated Amended Class Action Complaint. Nor have defendants raised new arguments that would justify a different result regarding the existence of a duty, the potential to mislead, or the materiality of the omission. The Court therefore adopts its prior ruling on these issues.

(2) The underwriter defendants rely on a Statement of Changes in Beneficial Ownership (hereinafter "Form 4") filed by defendant Walker with the Securities and Exchange Commission in November 1999 to argue that plaintiffs' claims are barred by the applicable statute of limitations and that plaintiffs suffered no damages as a result of the alleged omission. Plaintiffs do not object to the Court's consideration of Form 4. Rather, they argue without any factual or legal support that the date on which plaintiffs filed their original complaint "is within the time in which discovery of defendants' violations should have reasonably occurred . . . ." Plaintiffs'

Opposition at 14-15 n.6.[2] In their response, plaintiffs do not even attempt to explain why the public disclosure of the September 28, 1999, loan in an SEC filing does not constitute actual or, at the very least, inquiry notice of the omission that is the subject of their Section 11 claim. The November 1999 filing disclosed that Walker had exercised options to purchase 25,650 shares of Network Commerce's common stock for $52,912.50 and that Walker had paid for the stock with a promissory note secured by the shares. See Request for Judicial Notice (Dkt. # 147), Ex. A. Form 4 contained all of the information that plaintiffs claim was missing from the IPO registration statements. Plaintiffs knew, or with the exercise of reasonable diligence should have known, all of the information giving rise to their Section 11 claim regarding the IPO registration statement in November 1999 and regarding the SPO registration statement in February 2000 (when the registration statement was made public). Plaintiffs did not, however, file their action against the underwriter defendants until September 26, 2001. In light of the one year statute of limitations set forth at 15 U.S.C. § 77m, plaintiffs' Section 11 claim relating to the failure to disclose the September 28, 1999, loan is time barred.

Whether the November 1999 Form 4 is fatal to plaintiffs' Section 11 claim on the ground that plaintiffs cannot prove any loss arising from the underwriter defendants' failure to

---

[2] The sum total of plaintiffs' response to the statute of limitations argument is contained in a footnote and reads:

> Moreover, plaintiffs' claims are not time barred. Plaintiffs filed their Amended Securities Fraud Class Action Complaint naming the Underwriter Defendants, inter alia, as parties to this action on September 26, 2001. That date is within the time in which discovery of defendants' violations should have reasonably occurred, and within three years of the date defendants issued their IPO Registration Statements. SAC ¶ 2.

Plaintiffs have not alleged in their complaint sufficient facts to demonstrate conformity with the statute of limitations and have provided only conclusory statements in response to defendants' motion to dismiss. At oral argument, plaintiffs' counsel raised for the first time the possibility that a Form 4 filed with the SEC is difficult for an investor to obtain and cannot, as a matter of law, start the limitations period. This argument was untimely raised and is unsupported by any evidence.

disclose the same information is a more difficult question. Plaintiffs have adequately alleged a Section 11 claim related to the Walker loan under Kaplan, 49 F.3d at 1371 (plaintiffs must demonstrate "(1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would have misled a reasonable investor about the nature of his or her investment."). The underwriter defendants argue, however, that plaintiffs' allegations and the unopposed documents attached to defendants' requests for judicial notice show that the alleged omissions did not cause any losses and that defendants are therefore immune from liability under the last proviso of 15 U.S.C. § 77k(e). The judicially noted documents show that all of the facts omitted from the IPO and SPO registration statements were disclosed in November 1999 and that the market did not react adversely. In fact, the stock price rose from $13.875 on the day before Walker filed his Form 4 to $15.375 on the day after. By the end of November 1999, the stock was trading for $23.4375 per share. See Request for Judicial Notice (Dkt. # 147), Ex. K. Although the facts stated in the judicially noted documents are accepted as true, plaintiffs have not had an opportunity to conduct discovery or provide evidence outside the pleadings to support their allegations of loss. Given that plaintiffs' claim regarding the Walker loan fails on statute of limitations grounds, the Court need not determine whether defendants' unopposed evidence regarding the complete absence of any loss also justifies dismissal.

(3) Plaintiffs' allegations regarding Network Commerce's plan to pay additional compensation to senior executives are inadequate under Fed. R. Civ. P. 8(a) and 12(b)(6). Rule 8(a) requires "a short plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (internal quotation marks and footnote omitted). The most complete allegation related to the plan to pay additional compensation states, "Network Commerce . . . planned to pay other compensation to senior executives in addition to salary and stock options and that these

undisclosed payments were secured only by the unvested stock options held by such executives." Second Consolidated Amended Class Action Complaint at ¶ 2. The amended complaint provides no information regarding when, where, or by whom the alleged plan was developed, who the proposed beneficiaries were, or whether undisclosed compensation was ever actually paid to senior executives other than Walker. The only example of undisclosed executive compensation is the September 28, 1999, loan to Walker and much of the discussion regarding falsity and materiality is based on that one loan, with no reference to the alleged plan to make additional loans to other senior executives. Plaintiffs' allegations do not provide enough information for the underwriter defendants to determine whether there was, in fact, a plan, which subsequent transactions are suspect, whether a particular loan or the plan itself was material, whether defendants failed to make a necessary disclosure, or even whether defendants should admit or deny the allegations. Plaintiffs' allegations fail to give notice of the basic events and circumstances giving rise to plaintiffs' claim and the bald assertion that there was a plan is so vague that defendants cannot meaningfully respond. To the extent plaintiffs' Section 11 claim is based on an alleged plan to pay undisclosed compensation, the claim fails under Rule 8(a) and is insufficient to state a claim upon which relief can be granted under Rule 12(b)(6).

(4) For purposes of this section of the order, the Court will assume that there can be a duty to disclose the present existence of a plan to do something in the future if the omission of that fact would cause other statements in the registration statement to be misleading and the omission were material. Even if defendants had a duty to disclose the present existence of a plan to pay additional compensation to senior executives, they will not be held liable for the omission if the registration statement contained "meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-

looking statement." 15 U.S.C. § 77z-2(c)(1)(A)(I).[3] Without citing any language from the registration statements, plaintiffs argue that the failure to disclose a plan to pay additional compensation to senior executives is not protected "because the included cautionary statements were inadequate." Although vague and boilerplate disclaimers may be insufficient to invoke the safe harbor protections, both the IPO and the SPO registration statements specifically identify an important factor that not only could, but would, affect the future use of the offering proceeds. The registration statements disclose that the company's "management has broad discretion over the use of a substantial portion of the proceeds of this offering" and warn that the proceeds could be used in a manner not desired by the investors and that management could "fail to maximize our return on these proceeds." Dkt. # 134-2. This cautionary language is neither vague nor boilerplate and brings any claims based on an alleged failure to disclose a plan for future loans within the safe harbor provisions of the PSLRA and the bespeaks caution doctrine.

(5) Considered as a whole, plaintiffs' Second Consolidated Amended Class Action Complaint does not allege fraud on the part of the underwriter defendants, even though plaintiffs occasionally use the words "plan" and "conceal" in their allegations. Plaintiffs allege that defendants omitted from the registration statements facts regarding loans made to defendant Walker and a plan to make loans to other senior executives. These omissions could have been either negligent or intentional and plaintiffs have chosen, as is their right, to pursue their strict liability claims under Section 11. Plaintiffs need not satisfy the heightened pleading

---

[3] The bespeaks caution doctrine is similar in that it "provides a mechanism by which a court can rule as a matter of law that defendants' forward-looking representations contained enough cautionary language or risk disclosure to protect the defendant against claims of securities fraud." In re Worlds of Wonder Sec. Litig., 35 F.3d 1407, 1413 (9th Cir. 1994). Both parties have assumed that the safe harbor provision of the Private Securities Litigation Reform Act ("PSLRA") and the bespeaks caution doctrine apply to omissions. The Court will do likewise.

Although Network Commerce and Walker asserted the safe harbor protections in their motion to dismiss following remand (see Dkt. # 96 at 19), the Court did not consider that argument, instead focusing on the issues raised by the Ninth Circuit in its remand order.

requirements of Fed. R. Civ. P. 9(b).

(6) The Court declines to decide the standing issues raised by the underwriter defendants. The Court has taken judicial notice of documents showing that the September 28, 1999, loan to Walker was publicly disclosed in November 1999. Defendants' standing argument is based on plaintiffs' prior allegation that the details of the loan were made public in April 2001. Whether the individual plaintiffs who purchased in the IPO and the SPO suffered losses as a result of the failure to disclose the loan until November 1999 has not been addressed and, in light of the Court's other rulings, need not be decided.

For all of the foregoing reasons, the underwriter defendants' motions to dismiss, in which defendants Network Commerce and Walker have joined, are GRANTED. Plaintiffs' Section 11 claim based on a failure to disclose a plan to pay additional compensation to senior executives is insufficient under Fed. R. Civ. P. 8(a) and 12(b)(6) and the alleged omission is protected by the safe harbor provision of the PSLRA and the bespeaks caution doctrine. To the extent plaintiffs' claim is based on a failure to disclose in the IPO and SPO registration statements the September 28, 1999, loan to defendant Walker, the claim is barred by the statute of limitations. Plaintiffs' claims against all defendants based on these failures to disclose are therefore DISMISSED. Given the long history of this matter, the number of amendments plaintiffs have made to their complaint, and the nature of the defects identified in this order, the Court finds that leave to amend these claims would be futile.

DATED this 16th day of May, 2006.

Robert S. Lasnik
United States District Judge